NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


J.A.I. and J.K.C.,                        )
                                          )
       Petitioners,                       )
                                          )
v.                                        )      Case No. 2D14-3636
                                          )
B.R.,                                     )
                                          )
       Respondent.                        )
                                   )

Opinion filed January 30, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; R. Thomas Corbin,
Judge.

Luis E. Insignares of Luis E. Insignares,
P.A., Fort Myers, for Petitioners.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Respondent.


CASANUEVA, Judge.

        J.A.I. and J.K.C. filed this petition for writ of certiorari seeking review of a

trial court order requiring them and J.A.I.'s daughter to submit to genetic testing. J.A.I.

and J.K.C. first filed a petition in the trial court seeking a declaratory judgment naming

J.K.C. as the father. B.R. thereafter filed a petition and an amended petition to

determine paternity. These cases were consolidated, and both J.K.C. and B.R. seek to

be declared the father of the child.  We first note that orders compelling DNA testing to establish paternity are appropriate for certiorari review.  See J.S. v. S.M.M., 67 So. 3d 1231, 1232 (Fla. 2d DCA 2011).

We conclude that the trial court departed from the essential requirements of the law in granting B.R.'s motion for genetic testing because B.R. is precluded from bringing a cause of action to challenge the paternity of the child.  Section 742.10(1), Florida Statutes (2012), provides for procedures to be used in determining paternity when children are born out of wedlock.  It provides that if an individual signs a notarized voluntary acknowledgment of paternity, such acknowledgment creates a rebuttable presumption of paternity.  Here, both J.A.I. and J.K.C. signed an acknowledgment of paternity on April 20, 2012, and J.K.C.'s name was placed on the child's birth certificate.

Section 742.10(4) provides that after sixty days have passed since the voluntary acknowledgment of paternity was signed, this acknowledgment of paternity "shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger . . . ."

B.R. filed his petition to determine paternity on June 26, 2012, and his amended petition on June 17, 2014, after the sixty-day time period in section 742.10(4) had expired.[1]  In his amended petition to determine paternity, B.R. argued that J.K.C.'s acknowledgment of paternity was based on a material mistake of fact because J.K.C. "mistakenly believes he is the biological father of the minor child."  He argued that

---

[1]The child was born on October 20, 2005, and both J.K.C. and B.R. had a relationship with the mother at the time of conception.  J.A.I. and J.K.C. were married on April 11, 2012.

J.K.C. did not know that the mother had a relationship with B.R. at the time of conception. However, in J.K.C.'s petition for declaratory judgment, he acknowledged under oath that he was aware that B.R. claimed to be the biological father of the child. Therefore, the acknowledgement of paternity was not based on a material mistake of fact.

Section 742.011 provides that a man who believes that he may be the father of a child may bring an action "to determine the paternity of the child when paternity has not been established by law or otherwise." Here, paternity was established by the filing of the voluntary acknowledgment of paternity on April 20, 2012, and the expiration of the sixty-day time period in section 742.10(4). Therefore, section 742.011 did not provide B.R. with a statutory basis to bring a cause of action to determine paternity.

In I.A. v. H.H., 710 So. 2d 162, 162 (Fla. 2d DCA 1998), the mother married her husband two months after the child's birth. Three years later, the appellee filed a paternity action alleging that he was the father. Id. at 163. This court began its analysis by noting:

> Paternity would be established "by law" when there has been an adjudication of paternity or by the filing of affidavits or stipulation acknowledging paternity as provided in section 742.10. Paternity would "otherwise" be established when a child is born to an intact marriage and recognized by the husband and the mother as being their child. In such a case, the husband would be the child's "legal father" to the exclusion of all others. Under any other interpretation, a husband could never be more than a presumptive father absent an adjudication of paternity.

Id. at 164 (quoting G.F.C. v. S.G., 686 So. 2d 1382, 1385 (Fla. 5th DCA 1997)). Noting that section 742.091 provides that "[i]f the mother of any child born out of wedlock and

the reputed father shall at any time after its birth intermarry, the child shall in all respects be deemed and held to be the child of the husband and wife, as though born within wedlock," this court reasoned that the clear intent of the statute is that in these circumstances the parties are given the same status that they would have had if the child had been born during the marriage. Id. The court held that the appellee had no cause of action and that the trial court had no authority to entertain his request for parental rights to the child. Id. at 165; cf. J.W.T. v. S.T., 974 So. 2d 436, 438 (Fla. 2d DCA 2007) (finding that reputed father's petition to establish paternity was improperly dismissed where the mother had previously filed a paternity action against him, during which she allegedly admitted his paternity, but she later voluntarily dismissed the action after marrying her husband).

In T.B. v. M.M., 945 So. 2d 637, 639 (Fla. 2d DCA 2006), this court noted that the law protects the legitimacy of children born to an intact marriage and that I.A. extended this protection to children whose parents are both listed on the birth certificate at the time of birth and who were married two months later. However, this court held that where the mother married her husband and they signed the acknowledgement of paternity after the appellant had filed the paternity action, the acknowledgement of paternity created only a rebuttable presumption of paternity. Id. at 640. This court focused on whether there was an "intact" marriage on the date the action for paternity was filed. This court reasoned, "we hesitate to give a mother the right to block a biological father's right to determine paternity by her marriage to another man during the pendency of a paternity action." Id. at 639. In the present case, J.A.I. and J.K.C. were married and signed the acknowledgment of paternity before B.R. filed his paternity

- 4 -

action.  Therefore, the trial court departed from the essential requirements of the law in granting B.R.'s motion for genetic testing, because B.R. was precluded from bringing a cause of action to challenge the paternity of the child.

Accordingly, we grant the petition for writ of certiorari and quash the trial court's order requiring the parties to submit to genetic testing.

Petition granted.

VILLANTI and LaROSE, JJ., Concur.