# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0447
LT Case No. 2022-DR-1730

_____

ALEXANDER BAUER,

    Appellant,

    v.

JORDIN CARLSON AND TAYLOR A.
BUTLER,

    Appellees.

_____

On appeal from the Circuit Court for Hernando County.
Thomas R. Eineman, Judge.

Mark A. Neumaier, Tampa, for Appellant.

John E. Napolitano, of Lucas, Macyszyn & Dyer, Spring Hill, and
Allison M. Perry, of Florida Appeals, P.A., Tampa, for Appellee,
Taylor A. Butler.

No Appearance for Remaining Appellee.

April 4, 2025

HARRIS, J.

    In this family law case, Alexander L. Bauer appeals the trial court's order denying his motion to intervene and dismissing his petition to disestablish paternity. Based on the unique facts of this

case, we affirm the court's dismissal of Bauer's petition to disestablish paternity. We further affirm the court's denial of Bauer's motion to intervene, but reverse that portion of the order which denied Bauer's motion with prejudice because it differed from the court's oral pronouncement.

On September 16, 2022, Taylor Butler filed a Petition to Determine Paternity and for Related Relief in which he alleged that he was the biological father of the minor child, A.B., who was just over two years old at the time. Butler is listed as the father on A.B.'s birth certificate filed with the court. Further, a Certificate of Live Birth, also filed with the court, includes a paternity acknowledgment portion which both Jordin Carlson ("Mother") and Butler signed in the presence of two witnesses. Mother and Butler affirmed that they were not married at the time of A.B.'s birth and were the natural parents of A.B. Ten days later, Mother filed a verified motion asserting that Butler had never been adjudicated as the child's father, disputing that Butler was the biological father, and requesting that a paternity test be completed. Butler responded to Mother's motion, noting that paternity testing was scheduled and that his paternity to the child was established pursuant to the birth certificate, which met the requirements of a voluntary acknowledgment.

The court held a hearing on Mother's motion after which it found Butler to be the legal father of A.B., pursuant to the birth certificate and acknowledgment of paternity. The court did not order DNA testing to be completed.

Several months later, Bauer filed a Motion to Intervene and be Joined as a Necessary Party. In his motion, Bauer alleged that in October 2022, a paternity test revealed a 99.99% probability that he was the biological father of A.B. Bauer also petitioned to disestablish paternity based on the paternity test results. Mother then filed a Motion to Set Aside Paternity Acknowledgment and Certificate of Live Birth, arguing that when Butler petitioned to establish paternity, he had actual knowledge that he was not the biological father of A.B. and only claimed he was because his name appeared on A.B.'s birth certificate. She also filed the DNA test results, which revealed that Bauer was 99.99% likely to be the biological father of A.B.

The court held a non-evidentiary hearing on Bauer's motion to intervene. At that hearing, Butler argued that because he was already found to be the legal father, the court cannot set aside paternity once it has been established. Mother countered that the court should grant the motion and allow Bauer to intervene. Butler, however, maintained that the results of the paternity test did not change the fact that he was named the legal father. At the conclusion of the hearing, the court noted that there was no applicable law that allowed Bauer to intervene and denied the motion *without* prejudice. The court also denied Bauer's motion to disestablish paternity.

Despite its oral pronouncement, the court subsequently entered a written order denying *with* prejudice Bauer's motion to intervene. That same day, Bauer moved for clarification, noting that in open court, his motion to intervene was denied without prejudice but that the written order stated otherwise. Bauer also moved for rehearing and reconsideration.

The trial court denied Bauer's motion for rehearing and reconsideration, finding that on October 7, 2022, it entered an order adjudicating Butler to be the legal father of A.B. pursuant to the acknowledgment of paternity and A.B.'s birth certificate. The court found that only a party who is named as the father of the child has the statutory authority to petition to set aside paternity. The court also noted that Butler acknowledged paternity after he learned that he may not be the biological father and therefore, pursuant to section 742.18(3), Florida Statutes, Bauer cannot disestablish paternity. This appeal followed.

When an unmarried mother gives birth to a child, section 382.013, Florida Statutes (2022), describes how the execution of an acknowledgment of paternity leads to the placement of a father's name on a birth certificate:

> If the mother is not married at the time of the birth, the name of the father may not be entered on the birth certificate without the execution of an affidavit signed by both the mother and the person to be named as the father. The facility shall give notice . . . of the alternatives to, the legal consequences of, and the

3

rights, including, if one parent is a minor, any rights afforded due to minority status, and responsibilities that arise from signing an acknowledgment of paternity . . . . Upon request of the mother and the person to be named as the father, the facility shall assist in the execution of the affidavit, a notarized voluntary acknowledgment of paternity, or a voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury as specified by s. 92.525(2).

§ 382.013(2)(c), Fla. Stat. (2022). The voluntary acknowledgment of paternity creates a rebuttable presumption of paternity "subject to the right of any signatory to rescind the acknowledgment within 60 days after the date the acknowledgment was signed or the date of an administrative or judicial proceeding relating to the child, . . . whichever is earlier." § 742.10(1), Fla. Stat. (2022); *see also J.A.I. v. B.R.*, 160 So. 3d 473, 475 (Fla. 2d DCA 2015) ("Paternity would be established 'by law' when there has been an adjudication of paternity or by the filing of affidavits or stipulation acknowledging paternity as provided in section 742.10.") (quoting *I.A. v. H.H.*, 710 So. 2d 162, 164 (Fla. 2d DCA 1998)); *Van Weelde v. Van Weelde*, 110 So. 3d 918, 921 (Fla. 2d DCA 2013) ("[O]nce the voluntary Acknowledgement of Paternity was signed and the [father]'s name was placed on [the child]'s birth certificate, the [father] became [the child]'s legal father for all purposes. As a child with both a mother and father named on his birth certificate, [the child] was a legitimate child."). If sixty days have passed after the signing of a voluntary acknowledgment of paternity, it "shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger[.]" § 742.10(4), Fla. Stat.

Here, there is no question that Butler and Mother executed an acknowledgment of paternity the day after the child was born which was not rescinded within 60 days. Moreover, the court found the acknowledgment met the statutory requirements. *See Flores v. Sanchez*, 137 So. 3d 1104, 1108–09 (Fla. 3d DCA 2014) (holding that because the father's "name appears on the [c]hild's birth certificate as the [c]hild's father, we must assume that the hospital complied with section 382.013(2)(c) by obtaining an affidavit or a

4

voluntary acknowledgment of paternity from [the father] and the [m]other"). Because neither party revoked the acknowledgment of paternity within 60 days, it gave rise to the presumption that Butler is the child's legal father. *See Bronner v. Longden*, 398 So. 3d 1015, 1019 (Fla. 4th DCA 2024) ("Because neither party revoked the acknowledgment of paternity within 60 days after signing it, it gave rise to the presumption that Bronner 'is the [c]hild's legal father.'").

As in this case, in *Bronner*, the mother gave birth to a child out of wedlock. *Id*. at 1016. Bronner was present at the child's birth and he and the mother completed a voluntary acknowledgment of paternity. *Id*. Neither party revoked the acknowledgment of paternity within 60 days after signing it. *Id*. Bronner expressly did not contest the paternity of the child. *Id*. In fact, he petitioned to establish paternity and parental responsibility. *Id*.

Mother answered Bronner's petition, alleging that he was not the biological father and that she had only agreed to adding his name to the acknowledgment of paternity under duress because of his coercion. *Id*. at 1016–17. Two months later, and almost six years after the child's birth, in a separate circuit court case, Braxton Francis petitioned to determine paternity, alleging that he was the child's biological father, he had never been married to the mother, and that it would be in the child's best interest that he and the mother share parental responsibility and timesharing. *Id*. at 1017. Then, Francis moved to intervene in the pending action between Bronner and the mother. *Id*.

After DNA testing excluded Bronner as the child's biological father, the court dismissed Bronner's petition without holding an evidentiary hearing. *Id*. On appeal, the Fourth District Court of Appeal reversed the dismissal of Bronner's petition, holding that his petition alleged facts that would make him a "legal father" entitled to the benefit of presumption of paternity under Chapter 742. *Id*. at 1019. The court also held that the mother alleged the existence of duress or fraud in the execution of the acknowledgment of paternity and that the trial court erred by finding duress or fraud without holding an evidentiary hearing. *Id*. Thus, pursuant to *Bronner*, if duress, fraud, or mistake of fact as

5

to the acknowledgment of paternity is raised, the trial court must hold a hearing and may set aside the acknowledgment if the challenger meets their burden.

Here, like in *Bronner*, paternity was established by law pursuant to the acknowledgment of paternity signed by Mother and Butler. Also like in *Bronner*, Butler petitioned to establish paternity and timesharing and the biological father, Bauer, sought to intervene. However, unlike in *Bronner*, neither Mother nor Bauer alleged fraud, duress, or material mistake of fact as to the acknowledgement of paternity.

Accordingly, the court properly determined that Bauer did not have standing to challenge paternity where he failed to allege facts necessary to support a challenge to the execution of the voluntary acknowledgment of paternity. We therefore affirm the denial of the motion to intervene. However, we reverse that portion of the order denying the motion with prejudice because the court's oral pronouncement differed from its written order. The oral pronouncement should control. *See Johansson v. Johansson*, 348 So. 3d 1153, 1155 (Fla. 4th DCA 2022). ("When a trial court's written order is inconsistent with its earlier oral pronouncement, the oral pronouncement generally controls and the written order must be reversed."). Bauer should be allowed to raise the facts necessary to support a finding that the acknowledgment of paternity was executed under fraud, duress, or mistake of fact.

As to Bauer's motion to disestablish paternity, section 742.18(1), Florida Statutes, "establishes circumstances under which a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child." Under this section, only the male determined to be the legal father of the child can petition to disestablish his paternity. *See In Interest of Y.R-P.*, 228 So. 3d 628, 632 (Fla. 2d DCA 2017) (holding section 742.18 does not provide a biological father standing to disestablish another's paternity). Thus, the trial court properly dismissed Bauer's petition to disestablish paternity.

Bauer also cannot petition to establish paternity since paternity has already been established. *See* § 742.011, Fla. Stat. (2022) (providing that a man who believes that he may be the

6

father of a child may bring an action "to determine the paternity of the child *when paternity has not been established by law or otherwise*") (emphasis added). Therefore, section 742.011 does not provide Bauer with the statutory basis to bring a cause of action to determine paternity. *See J.A.I.*, 160 So. 3d at 474 ("Here, paternity was established by the filing of the voluntary acknowledgment of paternity . . . and the expiration of the sixty-day time period in section 742.10(4). Therefore, section 742.011 did not provide B.R. with a statutory basis to bring a cause of action to determine paternity.").

We affirm the denial of Bauer's motion to intervene but reverse that portion of the order denying the motion with prejudice and remand for the written order to conform to the court's oral pronouncement. We further affirm the dismissal of the petition to disestablish paternity.

AFFIRMED in part, REVERSED and REMANDED in part.

MAKAR and KILBANE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____